IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    3:06cr445/LAC
                                                       3:07cv295/LAC/MD

NATELISHA JACKSON

---

### REPORT AND RECOMMENDATION

This matter is before the court upon an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 109).  The government has filed a response (doc. 125) and the defendant has filed a reply  (doc. 127).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).   After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I.  BACKGROUND

Defendant and one co-defendant were charged in a two count indictment with conspiracy to possess with intent to distribute more than 50 grams of cocaine base, and possess with intent to distribute more than 50 grams of cocaine base.  (Doc. 3).  The facts underlying the offense conduct are set forth in the defendant's PSR, to which no factual objections were filed.  *United States v. Gibson*, 434 F.3d 1234, 1251 (11th Cir. 2006) (Failure to object to facts contained within PSR constitutes admissions of those facts); *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (citing *United States v.*

*Walters*, 269 F.3d 1207, 1213 (10th Cir. 2001); *United States v. Joshua*, 40 F.3d 948, 952 (8th Cir. 1994)) Represented by appointed counsel Thomas Keith, defendant moved to suppress all evidence recovered from her motel room at the time of her arrest.  (Doc. 18). The district court denied the motion after an evidentiary hearing.  (Doc. 26, 37 at 113). Following a jury trial, defendant was convicted as charged.  The jury specifically found that the offense conduct involved fifty (50) grams or more of a mixture or substance containing cocaine base.  (Doc. 32).

At sentencing counsel objected to the probation officer's conversion of all the powder cocaine seized into crack cocaine, and the objection was sustained.  (Doc. 91 at 13).  Counsel's request that defendant receive the benefit of a mitigating role reduction was denied.  (*Id.* at 15).  On March 9, 2007, defendant was sentenced at the low end of the advisory guidelines range, to a term of 121 months.  (*Id.* at 19-20).  Defendant's trial counsel, Tom Keith, filed a timely notice of appeal on defendant's behalf on March 20, 2007, and attorney Chet Kaufman entered a notice of appearance shortly thereafter.  (Doc. 57, 59).

In his affidavit, Mr. Kaufman states that in a letter received on or about June 20, 2007,[1] defendant instructed counsel to withdraw the appeal.  (Doc. 125, exh. B).  In a subsequent follow-up phone call on June 22, 2007 to confirm the defendant's wishes, defendant advised Mr. Kaufman that she was cooperating with authorities and hoped that dropping her appeal would help her obtain a Rule 35 motion.  (*Id.* at 2).  Counsel advised defendant that she would be giving up her right to file an appeal, and that there could be adverse consequences of that decision, including in post-conviction proceedings.  (*Id.* at 2-3).  Defendant reiterated her instructions, and denied that her desire to withdraw the appeal had anything to do with a written exchange with counsel referencing "public pretenders."  (*Id.* at 3).  In accordance with defendant's wishes, counsel filed a motion to voluntarily dismiss the appeal, which was granted on July 10, 2007 by the Eleventh Circuit Court of Appeal.  Defendant does not contradict the facts as set forth in counsel's affidavit.

---

[1]This letter is not part of the record.

In the present motion, defendant raises three grounds for relief.  She contends that her Fourth Amendment rights were violated by an illegal search and seizure, that trial counsel's performance was constitutionally deficient because he did not succeed in obtaining the suppression of illegally obtained evidence and did not perfect an appeal, and that the officer who arrested her has been dismissed in bad standing, thus raising doubts about his honesty and fairness.  The government opposes the motion in its entirety.

## II.  LEGAL ANALYSIS

### A.  Fourth Amendment Claim

Defendant contends that her fourth amendment rights were violated by the search of the motel room in which she was arrested.    Essentially, she seeks to challenge the district court's contrary finding in its denial of her motion to suppress.

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  *Lynn,* 365 F.3d at 1234; *Bousley,* 118 S.Ct. at 1611 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).  This

claim was preserved for appeal, and could have been raised on appeal, had defendant not chosen to voluntarily dismiss her appeal. Therefore, it may not be raised herein.

     B.  <u>Ineffective assistance of counsel</u>

     Defendant raises two claims of ineffective assistance of counsel. Such claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

     In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must

establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 496 F.3d 1270, 1281 (11ᵗʰ Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11ᵗʰ Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11ᵗʰ Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11ᵗʰ Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel such as defendant's counsel in this case, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, defendant must provide factual support for her contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11ᵗʰ Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11ᵗʰ Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11ᵗʰ Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11ᵗʰ Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11ᵗʰ Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11ᵗʰ Cir. 2000).  This is because the test is not what the best lawyers would have done or even what

most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"  *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Defendant claims that counsel was ineffective because he failed to perfect an appeal.  The record clearly reflects that a notice of appeal was filed, and defendant's appellate rights were preserved.  (Doc. 57).  This claim is therefore factually without merit. Appellate counsel states in his affidavit that it was defendant's decision, not counsel's, that led to the withdrawal of the appeal.  Defendant does not contest this representation, and clearly she is not entitled to relief.

Defendant next claims that counsel was ineffective because he did not succeed in obtaining the suppression of the evidence seized from the motel room where she was arrested. She offers no suggestion as to what other evidence or argument should have been offered by counsel that might have obtained a more favorable result in the suppression proceeding.  Mr. Keith, a very experienced Assistant Federal Public Defender, explained in his affidavit the angle he took in arguing the motion to suppress, including the reason that he did not call the defendant as a witness. The fact that counsel strategically chose not to dispute certain aspects of the government's position does not render his performance ineffective. *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007) (citing *Strickland*, at 689, 104 S.Ct. at 2065 (explaining that we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy' ") (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955))).  Trial counsel notes in his affidavit that the court's ruling on the motion to suppress was a potential appellate issue, but again, defendant chose to forgo the

opportunity to challenge this ruling when she decided to dismiss her appeal.  She has failed to show that counsel's performance was constitutionally deficient or that she is entitled to relief.

### C.  Dismissal of Arresting Officer

Defendant claims that her conviction should be overturned because one of the arresting officers has been dismissed from his position.  Clearly, to the extent defendant challenges her arrest or the search and seizure based on the integrity of the arresting officer, this could have been raised on appeal.  As such, her claim is procedurally barred due to defendant's voluntary decision to withdraw her appeal. In addition, she has not shown the issue to have merit.

Defendant claims in her motion that her "arresting officer" was dismissed in bad standing for knowingly making false statements and for immoral, indecent conduct that causes doubts about the officer's honesty and fairness.  In her reply, she identifies the officer in question as William Kevin Dennis, and appends the first page of a two-page Notice of Disciplinary Action from the Escambia County Sheriff's Office regarding former deputy Dennis. (Doc. 127, exh. A).  The notice indicates several violations of misconduct, including willful disregard of duties, negligence, unauthorized use or property and equipment, conduct unbecoming a member of the sheriff's office, and unspecified criminal violations.  There is nothing in the portion of the notice provided linking the behavior to any specific case, whether the defendant's case or any other.  Defendant nonetheless states in her reply "of course this conduct is related to this case," without providing any specific facts or evidence in support of her belief.  She merely offers the fact that former Deputy Dennis testified at the suppression hearing against her interest as proof that he lied.  This is insufficient to overcome the procedural bar and establish that she is entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The amended motion to vacate, set aside, or correct sentence (doc. 109)  be DENIED.

At Pensacola, Florida, this 10th day of December, 2007.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).